Argued and submitted November 28, 2001, affirmed August 14, 2002

STATE OF OREGON,
*Respondent,*

*v.*

ADAM J. MASHIA,
*Appellant.*

9812-20311; A108002

51 P3d 711

Shawn Wiley, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Kevin M. Hylton, Assistant Attorney General.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for felon in possession of a firearm. He assigns error to the denial of a motion to suppress evidence of a pistol that was found following a traffic stop. We affirm.

The relevant facts are not in dispute. Portland Police Officers Gradwahl and Goff observed a car make an unsignaled turn. They followed the car. The car eventually pulled over in front of a house, and four individuals—one of whom was defendant—stepped out. Gradwahl and Goff approached the individuals. As they did, one of the four—later identified as Abbott—threw a shiny metal object away from the group. The officers believed the object might have been a gun. They handcuffed Abbott and asked the others to stand with their hands in the air. Defendant, however, continued to move around, eventually squatting down by a bush. Gradwahl told defendant to stand up, and defendant complied. The officers conducted a patdown of each of the four individuals. They found an opened container of bourbon in defendant's jacket. At that point, because of the open container of alcohol, Gradwahl concluded that defendant no longer was free to leave.

The officers returned to the area where they saw Abbott throw the shiny object; they found a large key chain. Gradwahl also looked by the bush where defendant had been squatting and found a pistol. Meanwhile, Gradwahl spoke with the next-door neighbors, who informed him that the residents of the house where the gun had been discovered were out of town.

The officers took defendant to the police station, where he was given *Miranda* warnings. They asked him about the gun, and he said that he recognized it and that his fingerprints might be on it because he had borrowed it from a friend two weeks earlier. He denied, however, knowing anything about why the gun was found at the residence. After learning that defendant previously had been convicted of first-degree forgery, the state charged him with felon in possession of a firearm.

Defendant moved to suppress the gun and his statements, arguing that there was no reasonable suspicion to stop him and no basis on which to search him. The trial court concluded that the officers in effect arrested defendant for an open container violation and that the search for the pistol was a valid search incident to that arrest. Alternatively, the trial court found that defendant lacked a privacy interest in the property on which the pistol was found and therefore could not complain about the constitutionality of its seizure.

On appeal, defendant first argues that the trial court erred in concluding that there was a valid search incident to arrest. He does not dispute that he in fact was under arrest for an open container violation. His argument is that the arrest itself was unlawful. According to defendant, violation of the open container law in a motor vehicle is a Class B traffic infraction, for which the officers had no authority to arrest him. Because there was no valid arrest, defendant argues, there was no lawful basis for the officers to seize the pistol.

The state argues that defendant misunderstands the basis for the arrest and for the trial court's decision. According to the state, there are two different open container laws. One appears at ORS 811.170(3) and does, indeed, provide that violation of that statute is a Class B traffic infraction. The other, however, is a crime defined by the Portland City Code (PCC) 14.24.030,[1] which carries a fine of up to $500 and up to six months' imprisonment. PCC 14.08.020. The arrest in this case, the state argues, was based on a violation of the ordinance, not the traffic code.[2]

---

[1] PCC 14.24.030 provides:

"A. It is unlawful for any person to drink alcoholic liquor upon any street, sidewalk, or other public right-of-way.

"B. It is unlawful for any person to have in his possession while upon any street, sidewalk, or other public right-of-way any bottle, can, or other receptacle containing any alcoholic liquor which has been opened or a seal broken or the contents of which have been partially removed."

[2] PCC 14.08.020 also provides that "no greater penalty shall be imposed than the penalty prescribed by Oregon statute for the same act or omission." There is no argument in this case that the penalty imposed under the ordinance—for possession of an open container while on the street or sidewalk—is "the same act or omission" as the conduct prohibited under ORS 811.170(3)—possession of an open container while in a motor vehicle upon a highway.

We agree with the state. The trial court made the basis of its decision clear in its colloquy with counsel:

> "THE COURT: If he's lawfully under arrest at the time, would the officer then find the gun? Does that make a difference[?]
>
> "[DEFENSE COUNSEL]: * * * I'm not even sure that's an arrestible offense. I think that's an infraction of some kind or violation. I think that's a traffic—
>
> "THE COURT: There's a criminal charge of an open container, besides the—I'm assuming it wasn't part of traffic, he'd be doing it under the criminal code."

Defendant argues that, even so, the search for the weapon was not reasonably related to the arrest for an open container violation. Citing *State v. Porter*, 312 Or 112, 817 P2d 1306 (1991), defendant argues that, once the officers found a single open container of alcohol, they had all the evidence that they needed, and no further investigation was permitted.

*Porter* is inapposite. In that case, a police officer stopped the defendant motorist on an outstanding warrant. During the stop, the officer noticed an open beer can behind the driver's seat. The can contained some beer. The officer then searched the car for more open beer cans and, in the process, found several baggies containing methamphetamine. The defendant argued that the officer was not permitted to search the car for additional cans of beer, and so the evidence of the methamphetamine should have been suppressed. The Supreme Court agreed. It did so, however, solely on the basis of ORS 810.410(3)(b) (1989), which the court concluded significantly constrained the authority of officers to conduct investigations of traffic violations. *Porter*, 312 Or at 119-20. The court emphasized that there was no evidence that the defendant had committed a crime. *Id*. at 120.

In this case, the officers did not merely conduct an investigation of a traffic violation; they conducted a search incident to an arrest for a crime. Moreover, since *Porter* was

decided, the legislature enacted ORS 136.432, which provides that, even if evidence is acquired in violation of a statute, it may be suppressed only if the state or federal constitution, or certain enumerated rules of evidence, so require. In this case, defendant makes no argument that the constitution or any of the rules of evidence mentioned in ORS 136.432 requires suppression.

We conclude that the trial court did not err in denying defendant's motion to suppress.

Affirmed.